IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTOPHER PATRICK SIMMONS,

    Plaintiff,

v.                               Civil Action No. 5:17CV25
                                       (STAMP)
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND OVERRULING PLAINTIFF'S OBJECTIONS**

I.   Procedural History

    The plaintiff, Christopher Patrick Simmons, filed an application for disability insurance benefits ("DIB") under Title II of the Social Security Act and supplemental security income ("SSI") under Title XVI of the Social Security Act. In the application, the plaintiff alleged disability since January 15, 2013. The plaintiff alleges that he is unable to work due to the following ailments: diabetes, hypertension, affective disorder, anxiety disorder, and history of alcohol abuse /substance addiction disorder. The Social Security Administration ("SSA") denied the plaintiff's application initially and on reconsideration. The plaintiff then appeared, represented by counsel, at a video hearing before an Administrative Law Judge ("ALJ"). At the hearing, an

impartial vocational expert appeared by telephone. The ALJ issued an unfavorable decision to the plaintiff, concluding that the plaintiff was not "disabled" within the meaning of the Social Security Act. The plaintiff then filed an appeal of the decision to the Appeals Council. The Appeals Council denied the plaintiff's request for review.

The ALJ used a five step evaluation process pursuant to 20 C.F.R. §§ 404.1420 and 416.920. Using that process, the ALJ made the following findings: (1) the plaintiff has not engaged in substantial gainful activity since January 15, 2013, the alleged onset date; (2) the plaintiff has the following severe impairments: affective disorder, anxiety disorder, and history of alcohol abuse/substance addiction disorder; (3) none of the plaintiff's impairments meet or medically equal the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) the plaintiff is unable to perform any past relevant work; and (5) "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." Therefore, the ALJ found that the plaintiff has not been under a disability, as defined in the Social Security Act, from January 15, 2013, through the date of the ALJ's decision.

The plaintiff then filed a request for judicial review of the ALJ's decision in this Court. The case was referred to United

States Magistrate Judge Robert W. Trumble. Both parties filed motions for summary judgment. After consideration of those motions, the magistrate judge entered a report recommending that the plaintiff's motion for summary judgment be denied, that the defendant's motion for summary judgment be granted, and that the case be dismissed with prejudice. The plaintiff filed timely objections to the report and recommendation. The defendant then filed a response to the plaintiff's objections.

## II. Applicable Law

Because the plaintiff timely filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. 28 U.S.C. § 636(b)(1)(C). As to those findings to which objections were not made, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

As the United States Court of Appeals for the Fourth Circuit has held, "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Id. A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." Thompson v. Astrue, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)).

The plaintiff argues in his motion for summary judgment that the ALJ's decision is not supported by substantial evidence. Specifically, the plaintiff contends that (1) the ALJ's step-three analysis was based on an incomplete review and mischaracterization of the record; (2) the ALJ's decision to give great weight to the reviewing examiners' opinions is not supported by the evidence; and (3) the ALJ erred when he did not apply the "consistency prong" when evaluating the plaintiff's treating sources. The defendant argues in her motion for summary judgment that the ALJ's decision is supported by substantial evidence. Specifically, the defendant contends that (1) the ALJ's determination that the plaintiff's impairments do not meet or medically equal a listed impairment is supported by substantial evidence; (2) the ALJ reasonably afforded great weight to the opinions of the state agency physicians; and (3) the ALJ reasonably discounted the medical opinions of the plaintiff's treating sources. The plaintiff asserts in his response to the defendant's motion for summary judgment that (1) the ALJ's

4

step-three listing analysis is deficient; (2) the ALJ substituted his own medical opinion for the opinions of the plaintiff's treating sources; and (3) the ALJ ignored relevant evidence when determining the plaintiff's RFC.

In his report and recommendations, the magistrate judge concludes that the ALJ's decision is supported by substantial evidence. In reaching this conclusion, the magistrate judge first found that the ALJ's step-three analysis is based on a complete review and proper characterization of the record. Specifically, the magistrate judge determined that the ALJ properly relied on relevant non-medical evidence of record; the ALJ properly concluded that the plaintiff has no restrictions in activities of daily living; the ALJ properly considered all of the relevant evidence of record; and the ALJ satisfied his basic duty of explanation. Second, the magistrate judge found that the ALJ properly explained why he gave the Disability Determination Services ("DDS") consultants great weight. Third, the magistrate judge found that the ALJ reasonably discounted the opinions of the plaintiff's treating sources. Fourth, the magistrate judge found that the plaintiff's arguments in his response to the defendant's motion for summary judgment are waived or without merit.

In his objections, the plaintiff makes six arguments. First, the plaintiff argues that the magistrate judge is improperly allowing the defendant to rely on medical opinions that do not

account for all of the evidence in the record. Specifically, the plaintiff contends that the ALJ must not ignore evidence that contradicts his position and that the ALJ may not "play doctor" in order to support his position. Second, the plaintiff argues that the portions of his Adult Function Report that support his complaint are supported by medical evidence but are being ignored by the ALJ. Third, the plaintiff argues that the DDS evaluators are not presumed to be correct simply because they are associated with the SSA. Fourth, the plaintiff argues that the magistrate judge may not permit the ALJ to first determine the plaintiff's credibility and then discount medical evidence based on the ALJ's personal beliefs as to the plaintiff's credibility. Fifth, the plaintiff argues that nurse practitioners are capable of providing opinions as to a claimant's limitations. Sixth, the plaintiff argues that the magistrate judge is clearly wrong in finding that the plaintiff waived his arguments found in the plaintiff's response to the defendant's motion for summary judgment. Specifically, the plaintiff contends that he raised the issues of the step-three analysis, the ALJ substituting his own medical opinion, and the ALJ ignoring relevant evidence in his memorandum in support of his motion for summary judgment. The plaintiff also contends that the

magistrate judge improperly made post-hoc rationalizations in his analysis, in violation of the Chenery doctrine.[1]

In response to the plaintiff's objections, the defendant argues that the plaintiff misinterprets both Chenery and the contents of the ALJ's decision in this case. The defendant contends that Chenery involved an interpretation of the scope of review under the Public Utility Holding Company Act of 1935, not the scope of review under 42 U.S.C. § 405(g). The defendant states that the plain language of § 405(g) does give the district court the authority to look at the ALJ's decision, the administrative record, and the pleadings filed in support of the ALJ's decision. The defendant further contends that the magistrate judge did not go beyond the discussion, findings, and reasoning included in the ALJ's decision to determine that substantial evidence supports the ALJ's finding of non-disability. Lastly, the defendant responds that the plaintiff's assertion that the magistrate judge erred on the issue of waiver fails because the magistrate judge also explained why the arguments also fail on the merits.

On de novo review, this Court finds that the ALJ's decision is supported by substantial evidence. The magistrate judge is correct that the ALJ's step-three analysis is based on a complete review and proper characterization of the record. First, the ALJ properly

---

[1] It appears to this Court that the plaintiff is referring to Securities and Exchange Commission v. Chenery Corporation, 332 U.S. 194 (1947).

7

relied on relevant non-medical evidence of record because there was contradictory medical evidence in the record. ECF No. 7-2 at 24-25; SSR 86-8 (S.S.A. 1986) (superseded in part by SSR 91-7c (S.S.A. 1991)). Second, the ALJ properly concluded that the plaintiff has no restrictions in activities of daily living and that the ALJ was not required to give credence to all portions of the plaintiff's Adult Function Report. ECF No. 7-2 at 28-31; see 20 C.F.R. §§ 404.1529, 416.929 (providing that the ALJ need only to lend credence to the plaintiff's subjective allegations that are consistent with and supported by the record as a whole). Third, the ALJ properly considered all of the relevant evidence of record by identifying the relevant listings and explaining why the plaintiff does not satisfy those listings. ECF No. 7-2 at 24-25. Lastly, the ALJ satisfied his basic duty of explanation and was not required to specify which part of the plaintiff's testimony he relied upon in his decision because his determination was based only in small part on the plaintiff's testimony. ECF No. 7-2 at 24.

The magistrate judge is also correct that the ALJ properly explained why he gave the DDS consultants great weight over a span of five-plus pages in which he reviewed all of the relevant evidence, including the opinion of the plaintiff's various treating sources. ECF No. 7-2 at 25-31. Additionally, the magistrate judge is correct that the ALJ reasonably discounted the opinions of the plaintiff's treating sources because they were inconsistent with the

record as a whole. ECF No. 7-2 at 25-30; see Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996) ("[I]f a [treating] physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.").

Lastly, the magistrate judge is correct that the plaintiff's arguments in his response are without merit even if the plaintiff did not waive them. The plaintiff's first argument is without merit because the ALJ did not substitute his own opinion for that of the plaintiff's treating sources and, in addition to relying on the plaintiff's activities of daily living, the ALJ also relied on the plaintiff's mental status examination and other medical records. ECF No. 7-2 at 24-27. The plaintiff's second argument is without merit because the ALJ did not substitute his own medical opinion for that of the plaintiff's treating sources simply by virtue of discussing the plaintiff's daily activities. See Ellis v. Colvin, No. 5:13CV43, 2014 WL 2862703, at *11 (W.D. Va. June 24, 2014) ("It is true that an ALJ may consider a claimant's daily activities in assessing the severity of a claimant's symptoms such as pain."). The plaintiff's third argument is without merit because, by virtue of the ALJ's five-plus page analysis and summary of the plaintiff's entire treatment history, the ALJ satisfied his basic duty of explanation when determining the plaintiff's RFC. ECF No. 7-2 at 25-31.

Accordingly, on de novo review, this Court finds that the ALJ's determination should be upheld, as recommended by the magistrate judge.

## IV. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation (ECF No. 22) is AFFIRMED and ADOPTED. Accordingly, the defendant's motion for summary judgment (ECF No. 14) is GRANTED, the plaintiff's motion for summary judgment (ECF No. 10) is DENIED, and the plaintiff's objections to the report and recommendation (ECF No. 23) are OVERRULED. It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: January 11, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE